*From:*

*JUDGE KOELTL*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

# 11 CIV 4327

------------------------------------------------------------------X

RAYMONDO MEJIA and CARLOS MAGNO,
Individually and on Behalf of All Other Past and Present
Similarly Situated Employees,

                Plaintiffs,

       -vs.-

A & P RESTAURANT CORP. d/b/a REMEDY
DINER and PETER GIANNOPOULOS,

            Defendants.

Case No.:_____



COMPLAINT
(CLASS ACTION)

JUN 27 2011

U.S.D.C. S.D. N.Y.
CASHIERS

------------------------------------------------------------------X

     Plaintiffs, RAYMONDO MEJIA and CARLOS MAGNO, by and through their

attorneys, THE LAW OFFICES OF WILLIAM CAFARO, on behalf of themselves and

all other similarly situated past and present employees, respectfully allege as follows:

### *PRELIMINARY STATEMENT*

    1.    This action is being brought pursuant to the Fair Labor Standards Act

("FLSA") and New York State Labor Law ("NYLL") to recover back wages for minimum

wage, overtime, and spread of hours violations on behalf of the above captioned Plaintiffs

and their similarly situated co-workers who currently work or have worked for the

Defendant A & P RESTAURANT CORP., which does business as REMEDY DINER

(hereinafter "Remedy") and its principal PETER GIANNOPOULOS (hereinafter

"Giannopoulos").

2.    The Defendant Remedy is a diner/restaurant. The named Plaintiffs and other similarly situated employees, who are comprised of food prep assistants, kitchen aides, maintenance workers and delivery personnel worked very long shifts, many working seven days per week.  The defendant profited by imposing abusive wage practices on the plaintiffs and those similarly situated, the vast majority of whom are unaware of their rights or fear asserting them.  The Defendants engaged in a companywide violative wage policy and practice of failing to properly compensate the Plaintiffs and similarly situated employees at the prevailing minimum wage, and failing to properly compensate the Plaintiffs for their overtime work and their spread of hours.

### *THE PARTIES*

3    The Plaintiff RAYMONDO MEJIA (hereinafter "Mejia") is an individual residing in Queens, New York.

4.    The Plaintiff CARLOS MAGNO (hereinafter "Magno") is an individual residing in Queens, New York.

5.    Upon information and belief, the Defendant A & P RESTAURANT CORP. d/b/a REMEDY DINER (hereinafter "Remedy Diner") was and is a domestic business corporation.

6.    Upon information and belief, the Defendant Remedy Diner has its principal place of business at 245 E. Houston Street, New York, NY 10002.

7.     Upon information and belief, the Defendant PETER GIANNOPOULOS (hereinafter "Giannopoulos") is an individual who resides at 151-54 17th Ave., Whitestone, New York, 11357.

8.     Upon information and belief, and at all times herein pertinent, the Defendant Giannopoulos served as a principal, officer and/or manager of the Defendant Remedy Diner.

9.     At all times herein pertinent, the Defendant Giannopoulos exercised close control over the managerial operations of Remedy, including the policies and practices concerning employees.

10.     At all times herein pertinent, the Defendant Giannopoulos controlled the terms and conditions of employment, supervised employees, made decisions as to hiring and firing, and as to determining the rate and method of the payment of wages with respect to the Plaintiffs and those similarly situated.

11.     At all times herein pertinent, Defendants were engaged in an industry having an affect on commerce within the meaning of 29 U.S.C. § 203.

12.     At all times hereinafter pertinent, the Defendant Remedy was and is an industry engaged in commerce.

3

13.     Upon information and belief, for each of the calendar years from 2008 to 2011, inclusive, the gross receipts of the Defendant Remedy totaled not less than $500,000.

14.     At all times hereinafter pertinent, the Defendant Giannopoulos acted as the employer of the Plaintiffs and those similarly situated within the meaning of the FLSA and the NYLL.

### *JURISDICTION AND VENUE*

15.     Jurisdiction is based upon 28 U.S.C. § 1331, insofar as it involves a statute of the United States, specifically, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et. seq., and Plaintiffs rely upon 28 U.S.C. § 1367 to invoke Supplemental Jurisdiction with respect to the State law claims which form another basis for recovery upon the same factual nexus, specifically Articles 6 & 19 of the New York State Labor Law.  Additionally, this Court has the authority to issue declaratory relief pursuant to 28 U.S.C. §§ 2201, 2202.

16.     Venue is based upon 28 U.S.C. § 1391(b)(1), insofar as at least one of the Defendants  resides within this Judicial District, and (b)(2), insofar as a substantial part of the events giving rise to the within causes of action occurred in this Judicial District.

4

## *COLLECTIVE ACTION ALLEGATIONS*

17.    Plaintiffs bring the First and Second Causes of Action pursuant to the FLSA, on behalf of themselves and all similarly situated past and present employees, who worked as food prep assistants, kitchen aides, maintenance workers and delivery personnel who elect to opt into this Collective Action.

18.    The Defendants named herein are liable under the FLSA for failing to compensate the Plaintiffs in accordance with Federal minimum wage and overtime guidelines. Upon information and belief, there are many similarly situated current and former employees of the Defendants who are owed back wages pursuant to the FLSA for minimum wage and overtime violations who would benefit from the issuance of Court ordered and supervised notice of the instant action, permitting them to join this lawsuit. Those similarly situated employees are known to the Defendants, and are otherwise identifiable, and can, upon information and belief, be located through the Defendants' records. This Court, in its discretion, can order the appropriate form of notice pursuant to 29 U.S.C. § 216(b).

## *NEW YORK CLASS ACTION ALLEGATIONS*

19.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Plaintiffs herein bring the Third Fourth and Fifth Causes of Action under the NYLL and regulations promulgated thereunder on behalf of themselves  and a class similarly situated; namely:

> All persons employed by Remedy Diner located at 245 E. Houston Street, New York, NY 10002 who worked as food prep assistants, kitchen aides, maintenance workers and delivery personnel between the period of June 14, 2005 and the date of final judgment in this Class Action.

20.     Excluded from the aforementioned Class are the Defendants, their legal representatives, heirs, officers, assigns and successors, or any individual who at any time during the class period had a controlling interest in the Defendant Remedy, or acted as *bona fide* supervisors.

21.     Upon information and belief, the members of this class will exceed 100 people making joinder impracticable.  The precise number of members is not known at this point because such knowledge is exclusively available to the Defendants.

22.     There are common questions of law and fact that exist as to a Class that predominate over any questions affecting class members individually which include, but are not limited to:

i)     whether the Defendants engaged in a pattern and practice of failing to pay the Class Members the applicable minimum wages in violation of the NYLL;

ii)    whether the Defendants engaged in a pattern and practice of failing to pay the Class Members the overtime wages at a premium rate in violation of the NYLL;

iii)   whether the Defendants engaged in a pattern and practice of failing to pay Class Members for spread of hours pay in violation of the NYLL;

iv)    whether the Defendants failed to comply with the posting requirements with respect to wages in violation of the NYLL;

v)     whether in accordance with the requirements of the NYLL the Defendants kept adequate records with respect to wages it paid to its employees; and

vi)    whether in accordance with the requirements of the NYLL the Defendants furnished the Plaintiffs and those similarly situated with statements of wages that are compliant with the law.

23.    The typicality requirement is met insofar as the claims of the named Plaintiffs are typical of the claims of the New York Class they seek to represent.  The statutory and regulatory protections afforded by the NYLL asserted herein are applicable to and protective of the named Plaintiffs and Class Members.  The named Plaintiffs, as well as the Class Members, have all been injured as a result of Defendants' policy and practice of violating such provisions.

7

24.     Plaintiffs will fairly and adequately represent and protect the interests of all Class Members.  The named Plaintiffs' claims are typical of the claims belonging to all Class Members, and there is no conflict between the Plaintiffs and Class Members. Additionally, the named Plaintiffs have retained competent counsel who is experienced in complex litigation.

25.     With notions of fairness and efficiency in mind, a class action is the superior method of adjudicating this litigation.  The named Plaintiffs and Class Members are and were victims of the same policy and practice, instituted by the same Defendants, which violated the same wage provisions of the NYLL.  The individual damages sustained by Class Members are small in comparison to the cost likely to be incurred in prosecuting this litigation making a unitary action more efficient.  Upon information and belief, many of the individual Class Members do not have the financial resources to adequately prosecute this claim, and absent a class action they would not have any redress.  Furthermore, unitary litigation will ensure a consistent verdict and otherwise obviate the need for duplicative litigation.

26.     In accordance with the Federal Rules of Civil Procedure 23(b)(3) this action can be maintained as a class action.

### *INDIVIDUAL PLAINTIFFS*

27.     The individual Plaintiffs were employees of the Defendants, and each of them, whose employment entailed acting as food prep assistants, kitchen staff, maintenance workers and delivery personnel.  They seek to bring this claim on their own behalf as well as on behalf of those similarly situated employees.

### *PLAINTIFF MEJIA'S FACTUAL ALLEGATIONS*

28.     Plaintiff Mejia was hired by the Defendants and each of them, on or about August 1, 2010 and worked up to and including March 7, 2011.  Plaintiff's work for the Defendants entailed food prep, serving as a kitchen aide and other duties, including, but not limited to, making deliveries and performing maintenance tasks.

29.     At all times pertinent herein, Plaintiff regularly handled goods in interstate commerce, such as meats, poultry, vegetables, fruits, dairy, food-prepping apparatuses, and other goods and supplies produced outside the State of New York.

30.     Plaintiff Mejia's duties did not entail the exercise of independent judgment or discretion.

31.     Throughout the course of his employment with the Defendants, Plaintiff Mejia consistently worked 6 days per week, specifically Wednesdays through Mondays

from 6:00am to 4:00pm, with no lunch break. Plaintiff received two hundred seventy dollars ($270) per work week in salary.

32.     No notification, either in the form of posted notices or otherwise, was ever provided to Plaintiff Mejia regarding overtime, wages, or tip credit(s) as required under the FLSA and NYLL.

33.     Consistent with the Defendants' policies and practices mentioned herein, Mejia was injured insofar as he did not receive proper minimum wages, any overtime premium, nor did he receive split-shift/spread of hours pay.

## ***PLAINTIFF MAGNO'S FACTUAL ALLEGATIONS***

34.     Plaintiff Magno was hired by the defendants and each of them, on or about August 1, 2010 and worked up to and including February 8, 2011. Plaintiff's work for the defendants entailed food prep, serving as a kitchen aide and other duties including but not limited to making deliveries and performing maintenance tasks.

35.     At all times pertinent herein, Plaintiff regularly handled goods in interstate commerce, such as meats, poultry, vegetables, fruits, dairy, food-prepping apparatuses, and other goods and supplies produced outside the State of New York.

36.     Plaintiff Magno's duties did not entail the exercise of independent judgment or discretion.

37.     Throughout the course of his employment with the Defendants, Plaintiff Magno consistently worked 5 days per week, Tuesdays through Saturdays, from 6:00pm to 6:00am with no lunch break.  Plaintiff Magno received two hundred seventy dollars ($270) per week in salary.

38.     No notification, either in the form of posted notices or otherwise, was ever provided to Plaintiff Magno regarding overtime, wages or tip credit(s), as required under the FLSA and NYLL.

39.     Consistent with the Defendants' policies and practices mentioned herein, the Plaintiff Magno was injured insofar as he did not receive proper minimum wages, any overtime premium, nor did he receive split-shift/spread of hours pay.

### *AS AND FOR A FIRST CAUSE OF ACTION*
### *FEDERAL FAIR LABOR STANDARDS ACT*
### *AGAINST THE DEFENDANTS, AND EACH OF THEM*
### *(MINIMUM WAGE)*

40.     The Plaintiffs hereby incorporate all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

41.    In violation of 29 U.S.C. §§ 206, 216(b) the Defendants have failed to pay the named Plaintiffs, and other members of this Collective action, the applicable minimum wage.

42.    The Defendants' violation of the aforementioned was intentional, knowing, willful and in bad faith.

43.    All of the foregoing constituted willful and repeated violations, the applicable statute of limitations is three years pursuant to 29 U.S.C. § 255(a).

### AS AND FOR A SECOND CAUSE OF ACTION FEDERAL FAIR LABOR STANDARDS ACT AGAINST THE DEFENDANTS, AND EACH OF THEM (OVERTIME)

44.    The Plaintiffs hereby incorporate all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

45.    In violation of 29 U.S.C. §§ 207, 216(b) the Defendants have failed to pay the named Plaintiffs, and the other members of this Collective action, overtime pay at premium rate of one and one half times their regular rate of pay.

46.    The Defendants' violation of the aforementioned was intentional, knowing, willful and in bad faith.

12

47.     All of the foregoing constituted willful and repeated violations, the applicable statute of limitations is three years pursuant to 29 U.S.C. § 255(a).

### *AS AND FOR A THIRD CAUSE OF ACTION*
### *NEW YORK STATE LABOR LAW*
### *AGAINST THE DEFENDANTS, AND EACH OF THEM*
### *(MINIMUM WAGE)*

48.     The Plaintiffs hereby incorporate all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

49.     The Defendants herein willfully and in bad faith violated Article 19 of NYLL § 650 *et. seq.*, and accompanying regulations, by failing to pay the named Plaintiffs and the other similarly situated Class Members the applicable minimum wage.

### *AS AND FOR A FOURTH CAUSE OF ACTION*
### *NEW YORK STATE LABOR LAW*
### *AGAINST THE DEFENDANTS, AND EACH OF THEM*
### *(OVERTIME)*

50.     The Plaintiffs hereby incorporate all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

51.     The Defendants herein knowingly, willfully and in bad faith violated Article 6 & 19 of the NYLL and its accompanying regulations, namely 12 NYCRR §142-

2.2, by failing to pay the named Plaintiffs and the other similarly situated Class Members,

overtime pay at premium rate of at least one and one half times their regular rate of pay.

### AS AND FOR A FIFTH CAUSE OF ACTION
### NEW YORK STATE LABOR LAW
### AGAINST THE DEFENDANTS, AND EACH OF THEM
### (SPREAD-OF-HOURS & SPLIT-SHIFT PAY)

52.     The Plaintiffs hereby incorporate all preceding paragraphs of this

complaint with the same force and effect as if fully set forth at length.

53.     The Defendants herein knowingly, willfully and in bad faith violated

Articles 6 & 19 of NYLL, and more particularly 12 NYCRR § 142-2.4, by failing to pay

the named Plaintiffs and the other similarly situated Class Members, one hour's pay at

the minimum wage rate for each day during which there was a split shift and/or the

spread of hours exceeded 10 hours.

### PRAYER

**WHEREFORE**, Plaintiffs, individually and on behalf of other persons similarly

situated, pray for relief as follows:

A.     That, at the earliest possible time, Plaintiffs be allowed to give notice of

this collective action, or that the court issue such notice, to all persons who

are presently, or have been at any time during the three years immediately

preceding the filing of this suit, up through and including the date of this

Court's issuance of Court-supervised Notice, employed by the Defendants

14

as food prep assistants, kitchen staff, maintenance workers and delivery personnel; and further, that such persons shall be informed that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied their duly earned wages;

B.     That, pursuant to FLSA's statutory and regulatory scheme, that this Court award unpaid minimum wages and overtime pay, and an additional equal amount in liquidated damages;

C.     That, this Court, pursuant to FLSA § 217, enjoin the defendants from further violating the defendants from further violating the FLSA;

D.     That, this Court declare that the defendants violation of FLSA's minimum wage and overtime provisions was knowing and willful;

E.     That, pursuant to NYLL's statutory and regulatory scheme, that this Court award unpaid minimum wages, overtime pay and spread of hours pay;

F.     That, pursuant to NYLL, that this Court enjoin the defendants from further violating the applicable State wage and hour laws;

G.     That, this Court certify this case as a Class Action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

15

H.   That, this Court designate Plaintiffs as Class representatives, and designate

the undersigned as Class Counsel;

I.   That the undersigned be awarded reasonable attorneys' fees and the costs of

this action; together with

J.   pre-judgment interest and post-judgment interest; and any further relief that

this Court may deem just, proper and equitable.

Dated:   New York, New York
         June 23, 2011

                                   Respectfully submitted,
                                   LAW OFFICES OF WILLIAM CAFARO


                                   William Cafaro (WC2730)
                                   Attorneys for Plaintiffs
                                   19 West 44th Street, Ste. 1500
                                   New York, New York 10036
                                   (212) 583-7400
                                   File No. 52615

To:

A & P RESTAURANT CORP. d/b/a REMEDY DINER
245 E. Houston Street
New York, NY 10002

PETER GIANNOPOULOS
151-54 17th Ave.
Whitestone, New York, 11357

16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

RAYMONDO MEJIA and CARLOS MAGNO,                     Case No.:_____
Individually and on Behalf of All Other Past and Present
Similarly Situated Employees,

                                   Plaintiffs,

                        -vs.-

A & P RESTAURANT CORP. d/b/a REMEDY
DINER and PETER GIANNOPOULOS,

                                   Defendants.

-----------------------------------------------------------------------X

---

## COMPLAINT (CLASS ACTION)

---

LAW OFFICE OF WILLIAM CAFARO
Attorneys for Plaintiffs
19 West 44th Street, Ste. 1500
New York, New York 10036
(212) 583-7400
File No. 52615