UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
RAYMONDO MEJIA and CARLOS MAGNO,
                          Plaintiff,          Civil Action No. 11 Civ 4327

        -against-                    **ANSWER TO COMPLAINT**

A & P RESTAURANT CORP. d/b/a REMEDY
DINER and PETER GIANNOPOULOS,
                          Defendants.
-------------------------------------------------------------X

      Defendants A&P Restaurant Corp. d/b/a Remedy Diner and Peter Giannopoulos by their attorneys Rabinowitz & Galina, Esqs. as and for their answer to the Complaint states as follows:

### PRELIMINARY STATEMENT

1. Neither admit nor deny the allegations contained paragraph "1" of the Complaint as it merely makes conclusory statements.

2. Deny the allegations contained in paragraph "2" of the Complaint.

### THE PARTIES

3. Deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs "3" and "4" of the Complaint.

4. Admit the allegations contained in paragraphs "5", "6", "7", "8", "9" and "10" of the Complaint.

5. Deny the allegations contained in paragraphs "11" and "12" on the grounds that the allegations state legal conclusions.

6. Admit the allegations contained in paragraphs "13" and "14" of the Complaint.

## JURISDICTION AND VENUE

7. Admit the allegations contained in paragraphs "15" and "16" of the Complaint.

## COLLECTIVE ACTION ALLEGATIONS

8. Neither admit nor deny the conclusory allegations contained in paragraph "17" of the Complaint.

9. Deny the allegations contained in paragraph "18" of the Complaint.

## NEW YORK CLASS ACTION ALLEGATIONS

10. Neither admit nor deny the conclusory allegations contained in paragraphs "19" and "20" of the Complaint.

11. Deny the allegations contained paragraphs "21", "22", "23", "24", "25" and "26" of the Complaint.

## INDIVIDUAL PLAINTIFFS

12. Deny the allegations contained in paragraph "27" of the Complaint except admits that the Plaintiffs named were formerly employed by Defendant A&P Restaurant Corp. as dishwashers and delivery persons.

## PLAINTIFF MEJIA'S FACTUAL ALLEGATIONS

13. Admit the allegations contained in paragraph "28" to the extent that Mejia was employed by A&P Restaurant Corp. from August 1, 2010 to March 7, 2011 as a dishwasher and delivery person.

14. Admit the allegations contained in paragraphs "29" and "30" of the Complaint.

15. Deny the allegations contained in paragraphs "31", "32" and "33" of the Complaint.

## PLAINTIFF MAGNO'S FACTUAL ALLEGATIONS

16. Admit the allegations contained in paragraph "34" to the extent that Magno was employed by A&P Restaurant Corp. from August 1, 2010 to February 8, 2011 as a dishwasher and delivery person.

17. Admit the allegations contained in paragraphs "35" and "36" of the Complaint.

18. Deny the allegations contained in paragraphs "37", "38" and "39" of the Complaint.

## AS AND FOR A FIRST CAUSE OF ACTION
## FEDERAL FAIR LABOR STANDARDS ACT

19. In response to paragraph "40" of the Complaint, Defendants repeat and reallege each and every answer to the allegations contained in paragraphs "1" through "39" inclusive with the same force and effect as if more fully set forth at length herein.

20. Deny the allegations contained in paragraphs "41", "42" and "43" of the Complaint.

## AS AND FOR A SECOND CAUSE OF ACTION
## FEDERAL FAIR LABOR STANDARDS ACT

21. In response to paragraph "44" of the Complaint, Defendants repeat and reallege each and every answer to the allegations contained in paragraphs "1" through "43" inclusive with the same force and effect as if more fully set forth at length herein.

22. Deny the allegations contained in paragraphs "45", "46" and "47" of the Complaint.

## AS AND FOR A THIRD CAUSE OF ACTION
### NEW YORK STATE LABOR LAW

23. In response to paragraph "48" of the Complaint, Defendants repeat and reallege each and every answer to the allegations contained in paragraphs "1" through "47" inclusive with the same force and effect as if more fully set forth at length herein.

24. Deny the allegations contained in paragraph "49" of the Complaint.

## AS AND FOR A FOURTH CAUSE OF ACTION
### NEW YORK STATE LABOR LAW

25. In response to paragraph "50" of the Complaint, Defendants repeat and reallege each and every answer to the allegations contained in paragraphs "1" through "49" inclusive with the same force and effect as if more fully set forth at length herein.

26. Deny the allegations contained in paragraph "51" of the Complaint.

## AS AND FOR A FIFTH CAUSE OF ACTION
### NEW YORK STATE LABOR LAW

27. In response to paragraph "52" of the Complaint, Defendants repeat and reallege each and every answer to the allegations contained in paragraphs "1" through "51" inclusive with the same force and effect as if more fully set forth at length herein.

28. Deny the allegations contained in paragraph "53" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

29. That Plaintiff's received substantial tips as delivery persons while employed by A&P Restaurant Corp. and Defendants' are entitled to a tip credit under FLSA.

30. Plaintiffs' base rate of pay plus tips received was equal to or exceeded the minimum hourly wage as prescribed under New York State and Federal law.

31. As such, Plaintiffs are not entitled to any additional wages, liquidated damages or other damages.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

32. That Plaintiffs' have failed to satisfy the requirements necessary to maintain this action as a class action proceeding pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 23.

**WHEREFORE**, Defendants respectfully request an Order dismissing the Complaint, with prejudice together with such other and further relief as to this court may seem just and proper.

Dated: August 14, 2011

RABINOWITZ & GALINA, ESQS.
Attorneys for Defendants

By: Michael R. Galina
94 Willis Avenue
Mineola, New York 11501
(516) 739-8222

To: Law Offices of William Cafaro
    Attorneys for Plaintiffs
    19 West 44th Street, Suite 1500
    New York, N.Y. 10036

5